IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN WILLIAM HANNA,<br>    Plaintiff,<br>  v.<br>KYLE RUSSELL, *et al.*,<br>    Defendants. | CIVIL ACTION NO. 22-4305 |

## MEMORANDUM OPINION

Rufe, J.                                   September 5, 2025

*Pro se* Plaintiff Kevin W. Hanna filed suit against Defendants Warden Kyle Russell, Director of Corrections Janine Donate, Sergeant Maldonado, Sergeant Wildey, and Correctional Officer Ramos. Defendants have moved for summary judgment.

### I. BACKGROUND

The parties did not submit a joint stipulation of material facts. As such, much of the facts here are drawn from this Court's previous opinion granting in part and denying in part Defendants' motion to dismiss.

Mr. Hanna was committed to the Lehigh County Department of Corrections on July 22, 2022, and was a pretrial detainee. Mr. Hanna experienced a number of issues with his detainment at Lehigh County. At first, his cell lacked running water and air conditioning; when he notified the staff and reported these issues to Defendants Maldonado and Ramos, they rejected his

concerns.[1] Mr. Hanna also filed a grievance and Defendant Warden Russell rejected the appeal because the grievance was neither dated not completed.[2]

Mr. Hanna was also housed with a violent inmate who was "suppose[d] to be housed alone due to his pending charge and him being HIV positive and being a violent offender."[3] The cellmate later bit Mr. Hanna's right middle finger, drawing blood.[4] Mr. Hanna was taken to the medical department for assessment and the doctor ordered Defendant Maldonado to give Mr. Hanna a shower immediately. Mr. Hanna was not given a shower for over two hours.[5] Mr. Hanna was then prescribed Truvada, a post-exposure prophylaxis medication for people exposed to HIV.[6] After Mr. Hanna was transferred to the Federal Detention Center in Philadelphia, the staff discontinued the Truvada prescription as it was too expensive.[7] Mr. Hanna also asserts he was forced to sleep on the top bunk despite having a seizure disorder.[8]

Mr. Hanna alleges numerous health issues from his detainment at Lehigh County Jail, including "dehydration, [dizziness], [vomiting], headaches, depression, anxiety."[9] Mr. Hanna filed a Complaint in this Court, alleging violations of his constitutional rights under § 1983 as well as negligence.[10] Defendants filed a Motion to Dismiss. The Court granted in part and denied

---

[1] Compl. ¶ 3-4 [Doc. No. 2]. Mr. Hanna also asserts his cell mate was moved out of the cell to one that had running water. *Id.*

[2] *Id.* ¶ 4.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* ¶ 5.

[10] *Id.* ¶ 1.

in part the motion.[11] Mr. Hanna did not file an Amended Complaint, and so the claims that are currently before this Court remains as follows:

    a. The Fourteenth Amendment Due Process claim against Defendants Warden Russell, Maldonado, Wildey, and Ramos based on the unsanitary conditions of Mr. Hanna's cell, his placement in a new cell with a violent inmate, and the failure to be provided a bottom bunk;

    b. The Fourteenth Amendment Due Process claim against Defendant Maldonado for inadequate medical treatment; and

    c. The First Amendment Retaliation Claim against Defendants Warden Russell, Maldonado, Wildey, and Ramos.[12]

Defendants filed a Motion for Summary Judgment.[13] In the motion, Defendants assert that Mr. Hanna failed to properly and timely exhaust administrative remedies, and that there is no legally sufficient evidentiary basis for Mr. Hanna to prevail.[14]

## II. LEGAL STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] A fact is material if it could affect the outcome of the suit, given the applicable substantive law, and a dispute is genuine if the evidence presented is such that a reasonable jury could return a verdict for the nonmoving party.[16] In evaluating a summary judgment motion, a court "must view the

---

[11] *See generally* Order [Doc. No. 35].

[12] *See id.* ¶ 1-2.

[13] *See generally* Def.'s Mot. Summ. J. [Doc. No. 55].

[14] Def.'s Mem. Supp. Mot. Summ. J. at 9-12 [Doc. No. 55-1].

[15] Fed. R. Civ. P. 56(a).

[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

3

facts in the light most favorable to the non-moving party," and make every "reasonable inference in that party's favor."[17] When considering multiple motions for summary judgment filed by both parties, a court must evaluate each party's motion individually.[18]

A court may not weigh the evidence or make credibility determinations at the summary judgment stage.[19] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[20] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[21] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[22] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines there is no genuine dispute as to any material fact, then summary judgment is appropriate.[23]

## III. DISCUSSION

Defendants divide Mr. Hanna's remaining claims into two buckets: (1) Fourteenth Amendment Due Process claims alleging unconstitutionally harsh conditions in the Lehigh County Jail; and (2) First Amendment retaliation claims.[24] Defendants also assert that Mr. Hanna's Complaint cannot survive summary judgment because Mr. Hanna did not exhaust his

---

[17] *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[18] *Lawrence v. City of Phila., Pa.*, 527 F.3d 299, 310 (3d Cir. 2008).

[19] *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998).

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[21] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citation omitted).

[22] *Anderson*, 477 U.S. at 249–50.

[23] *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

[24] Def.'s Mem. Supp. Mot. Summ. J. at 2 [Doc. No. 55-1].

administrative remedies, and because Mr. Hanna fails to adduce sufficient evidence to support his allegations.[25]

### A. Whether Plaintiff's claims are barred for failure to exhaust administrative remedies

Defendants assert that Mr. Hanna has failed to exhaust his administrative remedies under the PLRA, which provides that"[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[26] Defendants argue that Mr. Hanna did not properly comply with the grievance process of the Lehigh County Jail and, therefore, failed to properly exhaust his administrative remedies.[27] By not completing Part B of the grievance and by not dating the grievance, Defendants argue that Mr. Hanna's actions resulted in the rejection of his grievance and resulted in a de facto failure to administratively exhaust his grievance. Defendants also note that Mr. Hanna only filed a grievance with regard to the lack of air conditioning and running water in his cell, and not with regards to any of his additional claims.[28]

Mr. Hanna argues that Defendants have not properly proven failure to exhaust, and even if they did, the administrative remedies available to him were not "available" because "(1) . . . the relief operate[d] as a simple dead[]end[—]with officers unable or consistently unwilling to provide relief to the aggrieved inmates;" (2) because it was "'so opaque that it becomes, practically speaking, incapable of use, such as when no ordinary prisoner can discern or navigate

---

[25] *Id.* at 9-12.

[26] 42 U.S.C. § 1997e(a).

[27] Def.'s Mem. Supp. Mot. Summ. J. at 11 [Doc. No. 55-1].

[28] *Id.*

it"; (3) as the "prison administrators thwart[ed] inmates from taking advantage of a grievance process through machination, misrepresentation, or intimi[d]ation ."[29]

Failure to exhaust is an affirmative defense under the PLRA, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints."[30] Under the Federal Rules of Civil Procedure, a party must affirmatively state any avoidance or affirmative defense, including waiver, estoppel, and statute of limitations, in its responsive pleading.[31] This requirement prevents undue prejudice by providing the plaintiff with "notice and the opportunity to demonstrate why the affirmative defense should not succeed."[32] While a defendant may not necessarily waive an affirmative defense should it fail to assert a defense in its answer, it must be "raised at the earliest practicable moment thereafter."[33] When considering whether a defendant has raised a timely affirmative of failure to exhaust, the court considers potential prejudice to the plaintiff, including whether the plaintiff had opportunity to conduct discovery.[34]

Defendants raised the affirmative defense of failure to exhaust for the first time in their motion for summary judgment. Defendants had ample opportunity to raise this claim previously—both in their motion to dismiss and in their answer—and failed to do so. Plaintiff received no notice of this argument and received no benefit of discovery to disprove this affirmative defense. The Court concludes that Defendants' delay in bringing this claim supports a finding of waiver of the affirmative defense of exhaustion. As such, the Court will not consider

---

[29] Pls.'s Resp. Op. Summ. J. at 7-8 [Doc. No. 58] (cleaned up).

[30] *Jones v. Bock*, 549 U.S. 199, 216 (2007).

[31] Fed. R. Civ. P. 8(c)(1).

[32] *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002).

[33] *Id.* at 137.

[34] *Long v. Wilson*, 393 F.3d 390, 397-400 (3d Cir. 2004).

this argument and summary judgment will not be granted based on Mr. Hanna's alleged failure to exhaust.

### B.   Whether Plaintiff has adduced sufficient evidence for his Fourteenth Amendment claims

The remaining Fourteenth Amendment Due Process claims before this Court are the claim against Defendants Warden Russell, Maldonado, Wildey, and Ramos based on the unsanitary conditions of Mr. Hanna's cell, his placement in a new cell with a violent inmate, and the failure to provide access to a bottom bunk; and the claim against Defendant Maldonado for inadequate medical treatment.[35] Mr. Hanna collectively alleges multiple claims, including violations of his constitutional rights under 42 U.S.C. § 1983 and negligence. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.[36] Defendants argue that Mr. Hanna has not shown any additional supporting evidence, other than the allegations in the Complaint, to prove his claims.[37] Mr. Hanna responds that Defendants' have "failed to demonstrate that there is a lack of evidence" provided.[38]

#### 1.   Unsanitary Conditions

Mr. Hanna alleges that his constitutional rights were violated when he was detained in an unsanitary cell due to a lack of running water and air conditioning in July 2023. Defendants

---

[35] Order at 1-2 [Doc. No. 35].

[36] *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

[37] Def.'s Mem. Supp. Mot. Summ. J. at 14 [Doc. No. 55-1].

[38] Pls.'s Resp. Op. Mot. Summ. J. at 10 [Doc No. 58].

assert that Mr. Hanna has "demonstrate[d] no evidence that he suffered harm as a result of the deprivation or risked any harm."[39]

For a detention condition to violate the Fourteenth Amendment, it must rise to punishment of the detainee.[40] While Mr. Hanna alleges serious conditions occurring during his detainment in Lehigh Country Department of Corrections, he has not adduced further evidence to show that a "substantial risk of serious harm" existed, nor has he pled that he was injured past mild discomfort.[41] In order to be held liable, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety."[42] Defendants argue in their brief, and Mr. Hanna concedes, that they did not disregard Mr. Hanna's complaints. Maintenance attempted to restore water to Mr. Hanna's cell every day Mr. Hanna was held there, and Mr. Hanna was given juice until the water was fixed.[43] Finally, as Mr. Hanna notes, when maintenance was unable to restore water to his cell after four days, he was transferred to a new cell with running water.[44] Although transfer to a cell with running water should have happened more quickly, Mr. Hanna has failed to show that he was at a substantial risk of serious harm or that the prison officials disregarded an excessive risk to inmate health. Summary Judgment will be granted as to the Fourteenth Amendment claim regarding the conditions of Mr. Hanna's cell.

---

[39] Def.'s Mem. Supp. Mot. Summ. J. at 15 [Doc. No. 55-1].

[40] *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

[41] Pls.'s Resp. Op. Mot. Summ. J. at 1 [Doc No. 58].

[42] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). While *Farmer* addressed the Eighth Amendment as relating to convicted inmates, the same standard applies under the Fourteenth Amendment to pretrial detainees. *Bell*, 441 U.S. at 535 n.16; *see also Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000) (A pretrial detainee is entitled "at a minimum, [to] no less protection" than a sentenced inmate under the Eighth Amendment.)

[43] Def.'s Mem. Supp. Mot. Summ. J. at 14-15 [Doc. No. 55-1].

[44] Pls.'s Resp. Op. Mot. Summ. J. at 1 [Doc No. 58].

2. Placement in the New Cell

Mr. Hanna alleges deliberate indifference stemming from a placement of a known violent inmate in a cell with Mr. Hanna. "courts apply the same deliberate indifference standard to a pretrial detainee's failure to protect claim pursuant to the Fourteenth Amendment, as to the same claim brought by a sentenced prisoner pursuant to the Eighth Amendment."[45] A prison official must both know of and disregard an excessive risk to inmate health or safety.[46] Deliberate indifference analysis is "subjective, not objective," and the official "must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware."[47] Deliberate indifference can be proven through circumstantial evidence showing that the "excessive risk was so obvious that the official must have known of the risk."[48] A defendant may rebut this demonstration "either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring."[49]

Mr. Hanna argues that his cellmate told him he was supposed "to be housed alone due to his pending charge and him being HIV positive and being a violent offender."[50] Mr. Hanna provides his cellmate's Court Summary, which details multiple arrests and charges including burglary, possession of a controlled substance, and assault.[51] But criminal history alone is not sufficient to automatically find that an inmate presented a specific "excessive risk" to other

---

[45] *Hightower v. City of Phila.*, No. 21-4075, 2023 WL 887961 at *5 (E.D. Pa. Dec. 22, 2023).

[46] *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

[47] *Id.*

[48] *Id.*

[49] *Id*.

[50] Compl. ¶ 4 [Doc. No. 2].

[51] Pls.'s Resp. Op. Mot. Summ. J. Ex. E [Doc No. 58].

inmates, and Mr. Hanna provides no evidence, either direct or circumstantial, showing that his cellmate had a history of violence against other inmates, was considered a violent offender, or had specific designations categorizing him as someone who should be housed alone other than his conversation with his cellmate. The deliberate indifference claim will not proceed.

### 3. Failure to Provide Bottom Bunk

In responding to Defendants' Motion for Summary Judgment on the count regarding the failure to provide a bottom bunk, Mr. Hanna states that he "will withdraw the bottom bunk claims against all Defendants due to the damages being de minim[i]s."[52] The Court will treat the deliberate indifference claim on the failure to provide a bottom bunk as withdrawn and the claim will not proceed.

### 4. Lack of Adequate Medical Treatment

Mr. Hanna's final Fourteenth Amendment claim alleges that after having his finger bitten by his cellmate, which potentially exposed him to a possible infection of Hepatitis C and HIV, Mr. Hanna asserts that when the doctor ordered Defendant Maldonado to give Mr. Hanna a shower immediately, he was not given a shower for over two hours.[53] Mr. Hanna brings an inadequate medical treatment claim, alleging that Sergeant Maldonado deliberately disobeyed or delayed these instructions.

In order for a claim for inadequate medical treatment to constitute the deprivation of a pretrial detainee's constitutional right, the deprivation of medical treatment must amount to "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs of prisoners."[54]

---

[52] Pls.'s Resp. Op. Mot. Summ. J. at 17 [Doc No. 58].
[53] Compl. ¶ 4 [Doc. No. 2].
[54] *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (internal quotations omitted).

Mr. Hanna has provided no evidence, or even alleged, that the asserted delay of his shower post-exposure to Hepatitis C and HIV resulted in the infliction of pain other than Mr. Hanna's need to conduct bloodwork twice a year.[55] He does not allege any other pain or permanent injury, nor does he assert any evidence that would allow the Court to determine whether the delay in Mr. Hanna's shower was deliberate or intentional. The claim for lack of medical treatment will not proceed.

### C. Whether Plaintiff has adduced sufficient evidence for his First Amendment retaliation claim

The remaining First Amendment claims before this Court are Mr. Hanna's retaliation claims against Defendants Russell, Maldonado, Wildey, and Ramos.[56] Defendants do not address Mr. Hanna's retaliation claim in detail in their Motion for Summary Judgment, but the Court will address the claim to determine whether Mr. Hanna has sufficiently shown enough evidence to survive summary judgment.

To state a claim for retaliation, a plaintiff must show that: (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered an "adverse action" at the hands of the prison officials; and (3) his protected conduct was a substantial or motivating factor in the decision to discipline him.[57] Should Mr. Hanna be able to prove all three factors, Defendants "may still prevail by proving that they would have made the same decision about the protected conduct for reasons reasonably related to a legitimate penological interest."[58]

---

[55] Pls.'s Resp. Op. Mot. Summ. J. at 16 [Doc No. 58].

[56] Order at 1-2 [Doc. No. 35].

[57] *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

[58] *Id.* at 334.

11

Filing a grievance is constitutionally protected conduct.[59] However, Mr. Hanna must also prove that he suffered an adverse action at the hands of the prison official. As the Court has already determined, Mr. Hanna has failed to properly adduce any evidence that he has experienced any adverse action. Further, he has not shown any evidence that may support his claim that the actions of Defendants were in retaliation for Mr. Hanna's filing of a grievance. As such, summary judgment will be granted on the retaliation claim.

## IV.    CONCLUSION

For the above reasons, Defendants' motion for summary judgment will be granted. An order will be entered.

---

[59] *See Watson v. Rozum*, 834 F.3d 417, 422-23 (3d Cir. 2016).